```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | |
|---|---|
| **ERNEST SHAW,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| vs. | *   Civil Action 06-00621-CB-B |
| | * |
| **MICHAEL J. ASTRUE,** | * |
| **Commissioner of** | * |
| **Social Security,** | * |
| | * |
|     **Defendant.** | * |

## REPORT AND RECOMMENDATION

This action is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on Petitioner's Motion for Attorney Fees (Doc. 23) and Defendant's Response thereto (Doc. 25). Upon consideration of all pertinent materials contained in this file, it is recommended that the Motion for Attorney Fees (Doc. 23) be **GRANTED.**

## I.  Findings Of Fact

1. Plaintiff filed an application for a period of disability, disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("Act") 42 U.S.C. 401-433, 1381-1383h, and his claims were denied at the initial level. (Doc. 23 at 1).

2. In an Order dated November 8, 2005, an Administrative Law Judge issued a decision wherein he found that Plaintiff was not entitled to a period of disability, disability insurance benefits

and supplemental security income benefits.  (Doc. 23 at 2).

3.   Plaintiff retained Petitioner, Byron A. Lassiter, attorney at law, on November 10, 2005, to represent him before the Social Security Administration ("SSA") regarding his claim for period of disability, disability insurance benefits and supplemental security income benefits.  As part of their agreement, Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to him in the event of the successful prosecution of his claim before the SSA.  (Doc. 23 at 1).

4.   On October 4, 2006, Plaintiff and Mr. Lassiter entered into an agreement in which Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to him and his family in the event of the successful prosecution of his claim in federal court. (Doc. 23-4, Exhibit C).

5.   Mr. Lassiter filed an action in this Court on October 4, 2006 seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for period of disability, disability insurance benefits and supplemental security income benefits.  (Doc. 1).

6.   On March 29, 2007, Senior District Judge Charles R. Butler, Jr., entered an Order and Judgment, reversing and remanding this cause to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  As a result, Plaintiff was a prevailing party

under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docs. 15, 16).

7. On June 27, 2007, Plaintiff filed an Application for Attorney Fees pursuant to the EAJA, and on January 4, 2008, the Court awarded Plaintiff $830.86 for attorney's fees. (Doc. 18, 21, 22).

8. Administrative Law Judge Ricardo M. Ryan rendered a fully favorable decision on May 8, 2008.  He determined that Plaintiff has been disabled since February 28, 2005, his alleged disability onset date.  (Doc. 23 at 3).  Subsequent thereto, Social Security issued a Notice of Award which provided that Plaintiff's past-due benefits equal $31,939.40, and that $5,300.00 was withheld from Plaintiff's award as payment for authorized attorney's fees.  (Doc. 23-3 at 5).  Petitioner states that he has submitted a request to the Office of Central Operations that the remaining portion of 25% of Plaintiff's past-due benefits, or $2,684.85, also be withheld for payment of authorized attorney fees[1].  Mr. Lassiter states that $5,300 of the $7,984.85 was authorized for attorney fees for his representation of Plaintiff at the administrative level.  (Doc. 23 at 4).

9.   In his petition, Mr. Lassiter seeks 25% of Plaintiff's past-due benefits, less the $5,300 in administrative attorney fees

---

[1]$31,939.40 x 25% = $7,984.85, and $7,984.85 - $5,300 = $2,684.85.

3

previously authorized, for a total amount of $2,684.85 for legal services rendered to Plaintiff before this Court.  Said amount is consistent with the agreement reached between Mr. Lassiter and Plaintiff.  (Doc. 23-4, Exhibit C).

10.  The amount requested, $2,684.85, represents 25% of Plaintiff's past-due benefits, less the $5,300 authorized for work at the administrative level, and is not more than twenty-five percent (25%) of Plaintiff's past due benefits.

11.  In response to Mr. Lassiter's request for contingency fees, Respondent states that it does not object to the requested fee.  Mr. Lassiter acknowledges that counsel who have receive attorney's fees under both Section 406(b) and EAJA must refund the lesser amount to his client, and asks the Court to include in its order a provision for Petitioner to tender to Plaintiff the amount previously received in attorney's fees under EAJA.  (Doc. 23 at 7).

## II. Conclusions Of Law

### A. Governing Law

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"

42 U.S.C. § 406(b)(1)(A).[2] Section 406(b) "does not invalidate all contingent fee arrangements--it merely sets their upper limit--and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).

In Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed. 2d 996 (2002), the Supreme Court held that Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead [the section] instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht, 535 U.S. at 809. Gisbrecht specifically rejected the lodestar method of determining fees, stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." Id. at 805-806. The Court then stated as follows:

> . . . . Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an

---

[2]"When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

5

>   independent check, to assure that they yield reasonable results in particular cases. [] Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). [] Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .

Id. at 807 (footnotes omitted).

In Gisbrecht, the Court did not specifically delineate the factors that district courts should consider when determining the reasonableness of the contingency fee arrangement, but did cite, with approval, an approach used to evaluate reasonableness by several circuits:

>   Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved . . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court . . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order . . . . In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases . . . . Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

Gisbrecht, 535 U.S. at 808 (citations omitted).  From this, it

appears that the Supreme Court intends that the lower courts give great deference to the contingency fee arrangement, and uphold such arrangements unless the fees produced by them are found to be unreasonable.  A contingent fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  Factors that may be considered in reviewing for reasonableness include: 1) the character of representation; 2) the result achieved by the attorney; 3) any delay caused by the attorney; 4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; 5) fraud or overreaching in making the agreement; and 6) the requested fee does not exceed 25 percent of past-due benefits.  Gisbrecht, 583 U.S. at 808-809.

**2.  Discussion**

Mr. Lassiter has included in his Petition itemized statements which reflect that 5.20 hours were spent on this case pursuing Plaintiff's claim in federal court (Doc. 23-2, Exhibit A).  As noted supra, he requests an award of $2,684.85, which represents the balance remaining of twenty-five percent (25%) of the back benefits awarded to Plaintiff.  (Doc. 23 at 7).  Mr. Lassiter asserts that the contingent fee agreement should be found reasonable and given effect.  In support of his assertion, Mr.

Lassiter states that he timely filed a civil action on behalf of Plaintiff on October 4, 2006, he discussed the possibility of a voluntary remand with opposing counsel and he provided opposing counsel a letter brief regarding the issues intended to be raised in Plaintiff's brief.  He further asserts that he was successful in arguing to the Commissioner that the ALJ decision was not supported by substantial evidence such that remand was appropriate, and that the claims were then remanded to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g).  He asserts that his actions ultimately resulted in a fully favorable decision, including an award of approximately $31,939.40 in back benefits.  Mr. Lassiter has provided a copy of his contingent-fee agreement with Plaintiff which provides for an attorney fee in the amount equal to twenty-five percent (25%) of all past-due benefits payable to Plaintiff and his family in the event this case is won. (Doc. 23-4, Exhibit C).

   The undersigned has carefully reviewed the record in this case, including the Commissioner's response.  Based upon a thorough review of the record, the undersigned finds that Mr. Lassiter is entitled to the requested fee for a number of reasons.  First, the Supreme Court has rejected an hourly approach ("lodestar method") for determining the reasonableness of a contingency fee arrangement, noting that the lodestar method is inappropriate because it is "designed to govern imposition of fees on the losing

party." Gisbrecht, 535 U.S. at 805. In evaluating the reasonableness of the contingency fee arrangement, this Court notes that Mr. Lassiter has represented Plaintiff since November of 2005, and he obtained a fully favorable decision for his client which included significant past due benefits and future benefits.

Moreover, Mr. Lassiter is recognized in this community as an experienced, reputable and capable attorney who practices almost exclusively in the area of Social Security law. Further, this Court recognizes that by assuming this representation, Mr. Lassiter assumed a significant risk that he might never recover any fee for his efforts. While this case did not involve any novel theories or complex issues, and the hours spent may appear disproportionate to the award, this Court does not look in isolation at the 5.20 hours spent before this Court. Mr. Lassiter was required to overcome legal and factual obstacles to obtain a maximum award for his client. In addition, the Court considers the fact that Plaintiff entered into an agreement with Mr. Lassiter which is within the statutory maximum and which enabled Plaintiff to be represented by capable and experienced counsel. As noted by the Court in Wells,

> [w]e must recognize, however, that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment. (Citations omitted) Therefore, we ought normally to give the same deference to these agreements as we would to any contract embodying the intent of the

9

>        parties. (Citations omitted)  Based on these principles,
>        we hold that where there is a contingency fee agreement
>        in a successful social security case, the district
>        court's determination of a reasonable fee under § 406(b)
>        must begin with the agreement, and the district court may
>        reduce the amount called for by the contingency agreement
>        only when it finds the amount to be unreasonable.
>        (Citations omitted).

907 F.2d at 370.

Therefore, upon consideration of the foregoing, the undersigned finds that an award of $2,684.85 to Petitioner, for representation of Plaintiff at the federal court level, is not unreasonable in this case.[3]  See, e.g., Thomas v. Barnhart, 412 F. Supp. 2d 1240 (M.D. Ala. 2005).

### III.  Conclusion

Accordingly, the undersigned **RECOMMENDS** authorization of Petitioner to receive, as an attorney's fee pursuant to Section 406(b) for services rendered at the federal court level, the sum of **$2,684.85.**  This total is equal to twenty-five (25%) percent of the total past-due benefits awarded to Plaintiff.  The Magistrate Judge

---

[3] See also e.g., Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1363-67 (N.D. Ga. 2005) (approving a contingency fee agreement resulting in an award of $21,057.75); Claypool v. Barnhart, 294 F. Supp. 2d 829 (S.D.W. Va. 2003) (approving a request for an award under a contingency fee agreement of $18,000, for 12.56 hours, resulting in an hourly rate of $1,433.00); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (approving $25,132.50 for 56 hours); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (approving contingency fee resulting in an hourly rate of $977.00); Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (approving $10,189.50 for 16.82 hours); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002) (approving contingency fee resulting in an hourly rate of $350.00).

further **RECOMMENDS** entry of an order directing Petitioner to disburse to Plaintiff the sum of **$830.85** which was previously awarded pursuant to the Equal Access to Justice Act ("EAJA").[4]

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **18th** day of **February, 2009.**

                                      **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[4] When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff. See Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186, which states as follows:

> (b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

**JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>Opposing party's response to the objection</u>.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   <u>Transcript (applicable where proceedings tape recorded)</u>.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                          /s/ SONJA F. BIVINS
                                   **UNITED STATES MAGISTRATE JUDGE**